IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD B. HINDES,

                Petitioner,           OPINION AND ORDER

    v.

                                                        18-cv-766-wmc
                                                        11-cr-76-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Petitioner Richard Hindes has filed a motion for post conviction relief under 28 U.S.C. § 2255. In his one-page petition, he seeks resentencing because (1) his counsel was ineffective and (2) he does not know why he is imprisoned. This petition is before the court for preliminary review under Rule 4 of the Rules Governing 2254 Cases, which applies to § 2255 petitions. Because this is an unauthorized successive petition, the court concludes that this petition must be dismissed for lack of subject matter jurisdiction.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application in district court unless he first obtains an order from the appropriate court of appeals authorizing the lower court to consider the application. Here, petitioner filed a § 2255 motion in 2015, and he voluntarily dismissed it after the United States Supreme Court issued a decision that foreclosed his claim for relief. *See Hindes v. United States*, Case No. 16-cv-286, dkt. ##9, 10, 12 (W.D. Wis.) Moreover, the Court of Appeals for the Seventh Circuit deems this resolution as a prior petition for purposes of § 2244(b)(3)(A).

*Potts v. United States*, 2310 F.3d 770, 771 (7th Cir. 2000) (petition withdrawn due to looming defeat counted). It follows that since petitioner did not obtain advance permission from the Seventh Circuit before filing, his petition must be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(b)(3).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Finally, Hindes has also filed a request for a competency exam. (Dkt. #2.) Because the court lacks subject matter jurisdiction over this petitioner, however, the court cannot take up this request either.

ORDER

IT IS ORDERED that:

(1) Petitioner Richard Hindes' motion to vacate pursuant to 28 U.S.C. § 2255 (dkt. #1) and request for competency exam (dkt. #2) are DENIED.

*Potts v. United States*, 2310 F.3d 770, 771 (7th Cir. 2000) (petition withdrawn due to looming defeat counted). It follows that since petitioner did not obtain advance permission from the Seventh Circuit before filing, his petition must be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(b)(3).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Finally, Hindes has also filed a request for a competency exam. (Dkt. #2.) Because the court lacks subject matter jurisdiction over this petitioner, however, the court cannot take up this request either.

ORDER

IT IS ORDERED that:

(1) Petitioner Richard Hindes' motion to vacate pursuant to 28 U.S.C. § 2255 (dkt. #1) and request for competency exam (dkt. #2) are DENIED.

(2) The petition is DISMISSED for lack of subject matter jurisdiction.

(3) A certificate of appealability will not issue.

Entered this 26th day of November, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge